```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**MICHAEL WAYNE BEARMAN,**

                              **Petitioner,**

           v.                            **CASE NO. 05-3249-RDR**

**ROBERT J. BEDNAR, et al.,**

                              **Respondents.**

## O R D E R

This matter is before the court on a pleading filed by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN). Having reviewed the record, the court treats this matter as a habeas corpus action filed under 28 U.S.C. 2241 and grants petitioner leave to proceed in forma pauperis.

From petitioner's pleadings, the court is able to glean that petitioner was convicted in United States District Court in the Northern District of Texas, Case No. 03-CR-311. Petitioner is serving 27 month sentence that is to run consecutively to any state sentence imposed in an Oklahoma state criminal action (CF2002-3970), followed by a three year period of supervision.

In his original pleading, petitioner complains his scheduled return to Texas and/or Oklahoma on supervised release would result in petitioner's death and violate petitioner's rights under the Eighth Amendment. Petitioner also broadly claims

Leavenworth County District Court Judge Bednar, USPLVN Warden Gallegos, and FBI Agent Hattis were conspiring to cause petitioner's death.[1]

In an amended petition (Doc. 3), petitioner claims that he was denied four weeks of jail credit for his confinement in the Tarrant County jail.  He further claims the State of Oklahoma lodged an illegal detainer against him, and has relinquished all jurisdiction by failing to extradite him to Oklahoma.

In a second amended petition (Doc. 4), petitioner names additional respondents and seeks damages, declaratory judgment, and injunctive relief on bare allegations of deprivation in the conditions of his USPLVN confinement.

In a third amended petition (Doc. 5), petitioner alleges an emergency fire box at USPLVN is not being maintained in a safe manner.  On this allegation petitioner seeks relief under the Occupational Safety and Health Act.

Having reviewed petitioner's allegations, the court concludes this action should be dismissed for the following reasons.

Petitioner may not seek relief under 28 U.S.C. 2241 to challenge the Oklahoma detainer until he has pursued available remedies in the Oklahoma courts.  Here, petitioner expressly states his state habeas action in Oklahoma is still pending.

---

[1] Petitioner cites a Kansas state habeas action filed in the Leavenworth District Court, 2005-CV-279, that was dismissed based on petitioner's failure to cure deficient pleadings.  There is nothing to indicate petitioner filed any appeal in that state court action.

To the extent petitioner seeks relief on allegations that his post-release supervision in Texas or Oklahoma presents a threat to his personal safety, petitioner must demonstrate his full exhaustion of administrative remedies on such a claim before seeking relief in this court under 28 U.S.C. 2241.  Petitioner's form petition makes sufficiently clear that petitioner has not yet pursued such administrative review.[2]

To the extent petitioner seeks damages, injunctive relief and declaratory judgment on allegations of constitutional deprivation in the conditions of his USPLVN confinement, relief on such allegations is appropriate in a civil action filed under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Petitioner is advised that damages are not available against the United States, the Bureau of Prisons, or any individual defendant named as a defendant in their official capacity.  See Kentucky v. Graham, 473 U.S. 159, 166 (1985)(sovereign immunity examined).  Additionally, there is nothing to indicate any exhaustion of administrative remedies on the allegations in petitioner's second or third amended petitions.  See 42 U.S.C. 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

---

[2] Petitioner essentially contends administrative review would be futile because the Bureau of Prisons is biased and prejudiced.

And finally, petitioner's allegations present no comprehensible claim for relief under 28 U.S.C. 2241 against Leavenworth County District Court Judge Bednar.[3]

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that this action is dismissed without prejudice.

DATED:  This 20th day of June 2005, at Topeka, Kansas.


　　　　　　　　　　　　　　　　 s/ Richard D. Rogers
　　　　　　　　　　　　　　　　RICHARD D. ROGERS
　　　　　　　　　　　　　　　　United States District Judge

---

[3] Moreover, petitioner's amended petitions no longer names this individual as a respondent.